IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND J. BLY

    Plaintiff

CIVIL ACTION NO. JFM-16-2618

HOWARD COUNTY, MD.
STATE OF MARYLAND

    Defendants

\*\*\*\*\*\*

## MEMORANDUM

Self-represented Plaintiff Raymond J. Bly, a Maryland resident, seeks "many millions" and alleges that Howard County Circuit Court Judge William V. Tucker has interfered with decisions concerning his ailing wife's health care[1] and joint family finances.[2] (ECF No. 1 at p. 5; ECF No. 1-2 at p. 3). He seeks to depose the Governor and Howard County Executive and conduct other discovery to support his belief that Judge Tucker's actions were rooted in a conspiracy to ultimately take the family property from him through condemnation proceedings. ECF No. 1-2 at pp. 1, 4.

Because Mr. Bly is not proceeding in forma pauperis, no statutory screening is authorized under the in forma pauperis statute. *See* 28 U.S.C. § 1915(e)(2). Nevertheless, a district court

---

[1] *See In the Matter of Tieng Doan Bly*, guardianship proceedings, Case No. 13-C-15104672, http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis? Mr. Bly's request for power of attorney to manage his wife's affairs, filed on August 17, 2015, was denied by Judge Tucker, who then appointed Barrett R. King, Esq. as Mrs. Bly's guardian.

[2] Mr. Bly also states that he was wrongfully convicted of a felony. ECF 1-2 at p. 4. This court takes judicial notice that Bly was convicted by the Circuit Court for Howard County, Maryland on May 1, 1988, for child abuse and related charges. The case is not available on Maryland's electronic docket, but is referenced in a memorandum and order issued by this Court denying federal habeas corpus relief. *See Bly v. The Attorney General for the State of Maryland*, Civil Action No. S-00-283 (D. Md.).

has inherent authority to dismiss a complaint *sua sponte*. *See Mallard v. United States Dist. Ct. for S.D. of Iowa,* 490 U.S. 296, 307-08, (1989) (courts have authority to dismiss a frivolous or malicious lawsuit even in absence of a specific statutory provision); *Ross v. Baron,* 493 Fed. Appx. 405, 406 (4th Cir. 2012) (unpublished) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid"); *Fitzgerald v. First East Seventh St. Tenants Corp.,* 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts may dismiss frivolous complaints *sua sponte,* even when plaintiff has paid the filing fee, noting that "district courts are in particular likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources").

Bly's claim against the State of Maryland must be dismissed outright. Under the Eleventh Amendment to the United States Constitution, a State, its agencies, and its departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State School and Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md.Code Ann., State Gov't § 12–201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court.

Bly's allegations against Howard County, Maryland appear to focus on adjudications against him in the Circuit Court for Howard County regarding zoning violations and/or condemnation proceedings (ECF No. 1-2 at p. 1) and the guardianship of his wife. *Id.* Bly's previous attempts to litigate the question of guardianship in this court have been rejected for lack of subject matter jurisdiction. *See Bly v. Tucker,* Civil Action No. GLR-15-2564 (D. Md.), dismissed on September 28, 2015, after consolidation with *Bly v. Tucker,* GLR-15-2565 (D.

2

Md.); *Bly, et al. v. Clerk of Howard County Circuit Court*, Civil Action No. GLR-15-2974 (D. Md.), dismissed October 2, 2015. Framing his latest action as a civil rights action based on a conspiracy to keep assets from him and cause him to lose his property does not change the fact that this court has limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Further, this court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc., v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, (1936)). This court must presume that a case lies outside its limited jurisdiction unless and until jurisdiction is shown to be proper. *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Mr. Bly cannot meet this requirement.

Even had the jurisdictional requirement been met, Bly would not be entitled to relief under the facts set forth in his complaint. This court does not act as an appellate court to review zoning violations or private property condemnation, nor to adjudicate guardianship disputes. To the extent Bly asks this Court to compel certain actions by the state and/or its agents, his action is akin to a petition for a writ of mandamus. *See* 28 U.S.C. § 1361. Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, a

3

federal district court has no mandamus jurisdiction over state and county employees, and cannot compel the State of Maryland or one of its county governments to dismiss guardianship proceedings, ignore zoning violations, or appoint Mr. Bly as his wife's guardian in order to obtain access to otherwise restricted funds. *See generally, Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969).

Accordingly, the complaint is dismissed and injunctive relief denied. A separate order follows.

July 27, 2016
Date

J. Frederick Motz
United States District Judge